UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:24-cv-81-KDB

| ALBERT ANDERSON, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
| FNU MCMILLIAN, et al., | ) **ORDER** |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. Also pending are the Plaintiff's Motion for Appointment of Counsel [Doc. 3] and Motion for Examination Order [Doc. 11]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

I.     **BACKGROUND**

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution. [Doc. 1]. The Plaintiff appears to assert violations of his First and Fourth Amendment rights. [Doc. 1 at 10, 12]. He names as Defendants: the Alexander CI; Todd Ishee, the Commissioner of the North Carolina Department of Adult Corrections (NCDAC); Southern Health Partners; FNU McMillian, a medical provider; FNU Cox and Jane Doe, nurses; and 13 Alexander CI officials. The Plaintiff appears to claim that: when he sought treatment for constipation, Defendant McMillian sexually assaulted him and "insert[ed] a device inside of [him]" which is "used to conduct terrorism," obstruct justice, record and broadcast the Plaintiff's thoughts, and show him illusions; the incident occurred while he was in excessively tight restraints; none of the Defendants intervened; and

McMillian's misconduct resulted from Southern Health Partners' inadequate policy and training.[1] [Doc. 1 at 7-14].

For injury, the Plaintiff claims: "back pain, migraines, minor sizgers, and I the Plaintiff's current effective insanity." [Id. at 15] (errors uncorrected).

He seeks: $187 million in damages; a pardon for 2021 criminal charges; "a sponging of records to wipe clear … criminal record;" dental, health, and life insurance; a lifetime "warranty" at Defendants' expense; immediate examination to remove the device from his body; a brand new 4 bedroom home; a corvette; and the reopening of his prior cases.[2] [Id. at 16-17].

In his Motion for Appointment of Counsel, the Plaintiff claims that he cannot litigate this action himself because the device inside his body is being used by the Defendants to "interpret" his case. [Doc. 3 at 1]. In his Motion for Examination Order, the Plaintiff seeks an examination pursuant to Rule 35 of the Federal Rules of Civil Procedure to assess the device that was allegedly implanted inside his body. [Doc. 11].

Before the Plaintiff filed the instant action, he filed a strikingly similar § 1983 action in this Court that also centers around Defendant McMillian's alleged insertion of a device into his body, Case No. 5:24-cv-79-MR.

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under

---

[1] This section is not exhaustive. Allegations that are completely nonsensical or extraneous have been omitted. [See, e.g., Doc. 1 at 11 (Defendants McMillian and Jane Doe "began to barricat the exist door of the nurse station with potable blinds in an effort scorching the view of the officer conducting ordinary activity"); id. at 16 (Defendant Johnson "booked the device along with her and installed it inside of Foothills Correctional Institution computer membrain in an attempt to protect the Department of Safety's bottom line….")] (errors uncorrected).

[2] The Plaintiff may not seek relief in other cases via the instant action.

§ 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

This action is so overlapping and duplicative of Case No. 5:24-cv-79-MR that the Court cannot allow the two actions to proceed simultaneously. Because the Plaintiff filed the proceedings in the other case first, the Court will dismiss the instant action without prejudice.[3] The Plaintiff's pending Motions will be denied as moot. [Docs. 3, 11].

**<u>Plaintiff is directed to carefully review the Order of Instructions [entered March 12, 2024] before filing any further documents with the Court. He is further cautioned that the repeated filing of frivolous, duplicative, vexatious, or otherwise improper actions may result in the imposition of sanctions and/or a prefiling injunction that would limit the Plaintiff's ability to file further lawsuits in this Court.</u>**

### IV. CONCLUSION

---

[3] If this action were not duplicative of another pending action, it would be dismissed as frivolous pursuant to § 1915(e)(2)(B)(i).

In sum, this action is duplicative of Case No. 5:24-cv-79-MR and, as such, the Court will exercise its inherent authority to dismiss this action without prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

The Plaintiff's Motion for Appointment of Counsel [Doc. 3] and Motion for Examination Order [Doc. 11] are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Signed: April 26, 2024

Kenneth D. Bell
United States District Judge