UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:24-cv-81-KDB

| ALBERT ANDERSON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
| FNU MCMILLIAN, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on the pro se Plaintiff's "Petition for Rehearing" [Doc. 17].

The incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. [Doc. 1]. On April 29, 2024, the Court exercised its inherent authority to dismiss this action without prejudice because it is so overlapping and duplicative of Case No. 5:24-cv-79-MR that the two actions cannot be allowed to proceed simultaneously. [Doc. 12]. The Plaintiff has appealed, Fourth Cir. Case No. 24-6495.

On May 24, 2024,[1] the Plaintiff filed the instant "Petition for Rehearing" that is liberally construed as a Motion to Alter or Amend pursuant to Rule 59(e). See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 (4th Cir. 2010) (where a request for reconsideration is filed within twenty-eight days after the final judgment, Rule 59(e) controls); see also Fed. R. Civ. P. 59(e) (stating that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment"). A Rule 59(e) motion to alter or amend may only be granted: "(1) to

---

[1] The docketing date is used here because the Plaintiff failed to certify the date on which he placed his filing in the prison's mail system. See generally Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks omitted). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002).

As a preliminary matter, the Court notes that it has jurisdiction to consider Plaintiff's Rule 59(e) motion during the pendency of Plaintiff's appeal. See Fed. R. App. P. 4(a)(4)(A)(iv) ("If a party files in the district court [a Rule 59 motion to alter or amend the judgment] – and does so within the time allowed by [that rule] – the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion"); Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of any motion listed in Rule 4(a)(4)(A) [including a Rue 59 motion to alter or amend] – the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered").

Here, the Plaintiff argues that "the duplicated filing [was] no fault of [his] own by proof of the Title 1, United States Justice Manual in which … the Plaintiff [is] requesting summons forms to proceed in this action." [Doc. 17 at 1]. He seeks "review[] by a supervisor who is not implicated by the allegation" U.S. Attorney's Manual. [Id. at 2]. These conclusory and nonsensical arguments fail to identify any intervening change in law, new evidence, or clear error of law. The Plaintiff appears to disagree with the Court's determination that this action is duplicative, and he cites rules that are inapplicable to this action. The Plaintiff has presented no basis for Rule 59(e) relief and, accordingly, the Motion to Alter or Amend is denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Petition for Rehearing" [Doc. 17]

is construed as a Rule 59(e) Motion to Alter or Amend and it is **DENIED**.

Signed: May 31, 2024

Kenneth D. Bell
United States District Judge